KATHERINE M. MULROONEY *v.* CHRISTIE WAMBOLT
(13893)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued April 6—decision released June 5, 1990

*Michael P. Del Sole,* for the appellant (named defendant).

*Roger Sullivan,* for the appellee (plaintiff).

SHEA, J. The dispositive issue in this appeal is whether the trial court abused its discretion by precluding the defendant from calling an expert witness to testify because of the defendant's failure to disclose timely that she intended to call the witness as an expert. The plaintiff, Katherine M. Mulrooney, brought an action to recover damages for personal injuries sustained in an automobile accident involving the defendant, Christie Wambolt. During the discovery procedures, the defendant failed to disclose in her answers to the plaintiff's interrogatories that she intended to call Franklin Robinson, a neurologist, as an expert witness. It was not until jury selection, when the defendant's counsel announced his intent to call Robinson as a witness, that the plaintiff was notified that Robinson would be called as an expert. On the first day of testimony, the plaintiff filed a motion in limine to preclude the defendant from calling Robinson as an expert, which the trial court granted. We find no error.

The following facts are undisputed. On January 11, 1983, the plaintiff was proceeding in a northerly direction on South Grove Street in Meriden when she collided with the defendant's automobile traveling in an easterly direction on West Main Street. The accident was caused by the negligence of the defendant in the operation of her motor vehicle. In the plaintiff's amended complaint, filed July 20, 1989, she alleged that she had suffered and would continue to suffer injuries

of her chest, cervical spine, shoulder region and shock to her nervous system. In addition, the plaintiff alleged that, as a result of these injuries, she had incurred and would incur medical and hospital expenses and would be unable to perform household and occupational duties as she did prior to the accident.

In November, 1985, the defendant requested, pursuant to Practice Book § 229, that the plaintiff submit to an independent medical examination on January 21, 1986, to be conducted by Robinson. On January 22, 1986, Robinson forwarded a detailed report to the defendant. The case was claimed to the trial list on February 4, 1986.

The plaintiff served her first set of interrogatories and requests for production on the defendant on March 27, 1987. On April 24, 1987, the defendant filed her objections to this disclosure request and filed a motion to extend the time to answer. The record does not disclose that any action was taken on the defendant's objections to the plaintiff's first set of interrogatories[1] and, therefore, we assume that the plaintiff withdrew the first set.

The plaintiff filed notice that she had served the defendant with a second set of interrogatories and requests for production on May 14, 1987. On July 15, 1987, the plaintiff filed a motion for "Rule 231 orders" to compel the defendant to answer the plaintiff's second set of interrogatories and requests for production. The trial court, *Burns, J.,* on August 31, 1987, ordered

[1] The plaintiff's first set of interrogatories and requests for production concerning expert and medical reports involved interrogatory Nos. 8 and 12 to which the defendant objected on the ground that they required disclosure of an attorney's work product. Interrogatory Nos. 21, 22 and 23 requested the defendant to state the name, subject matter, and substance of the testimony of any expert witness the defendant expected to call at trial, to which the defendant did not file an objection.

a default to be entered if the defendant did not answer by September 14, 1987. On September 21, 1987, the trial court, *Flanagan, J.,* granted the defendant's motion for an extension of time to October 14, 1987, to answer the plaintiff's interrogatories and requests for production. Following a pretrial conference, the plaintiff filed a second motion for "Rule 231 orders" on January 11, 1988, at which time the trial court, *Burns, J.,* ordered the defendant to answer the plaintiff's interrogatories within two weeks from January 11, 1988.

On February 9, 1988, the defendant filed her answers to the plaintiff's second set of interrogatories and requests for production. Interrogatory No. 2 requested the defendant to give the name of any expert the defendant expected to call as a witness, state the subject matter of his testimony, and summarize each of his opinions. The defendant responded: "No expert contemplated at this time." In response to a request to produce any medical reports of experts concerning the plaintiff, the defendant furnished a copy of Robinson's medical report.

On May 3, 1988, the defendant filed a request to have the plaintiff submit to an independent medical examination to be conducted by another physician, Alan H. Goodman, and the plaintiff filed an objection on the ground that she had already been examined by an independent medical examiner[2] selected by the defendant. On May 23, 1988, the trial court, *Berdon, J.,* denied the defendant's request.

During jury selection, on June 29, 1989, the defendant's counsel for the first time announced his intent

---

[2] The term "independent medical examiner" has been used by the parties in their briefs to refer to a physician employed by one of the parties to examine a personal injury claimant for the purpose of testifying at trial concerning the extent of his injuries and not simply for the purpose of treating the claimant.

to call Robinson as an expert witness. On the day testimony began, July 17, 1989, the plaintiff made a motion in limine to preclude the defendant from calling Robinson to testify as an expert. The trial court, *Hodgson, J.,* granted the plaintiff's motion on the basis of Practice Book § 220 (D).[3] The case proceeded to trial

---

[3] During oral argument before this court the plaintiff maintained that the trial court had based its decision on Practice Book §§ 220 (D) and 231. Nowhere in the trial court's oral decision does the court explicitly mention § 231, although in argument before the trial court the plaintiff did claim that both §§ 231 and 220 (D) authorized the court to grant her motion. Neither the plaintiff nor the defendant filed a motion for articulation of the trial court's decision. In any event, this court may rely upon different grounds from those relied upon by the trial court for the purpose of affirming the judgment. *Rubin* v. *Rubin,* 204 Conn. 224, 232, 527 A.2d 1184 (1987); *Pepe* v. *New Britain,* 203 Conn. 281, 292, 524 A.2d 629 (1987); *Heffernan* v. *New Britain Bank & Trust Co.,* 175 Conn. 8, 14, 392 A.2d 481 (1978).

Practice Book § 220 (D) provides: "In addition to and notwithstanding the provisions of subsections (A), (B) and (C) of this section, any plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within 60 days from the date the case is claimed to a trial list. Each defendant shall disclose the names of his or her experts in like manner within 120 days from the date the case is claimed to a trial list. If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed after that date, such expert shall not testify except in the discretion of the court for good cause shown."

Practice Book § 231 provides: "If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed to respond to requests for production or for disclosure of the existence and contents of an insurance policy or the limits thereof, or has failed to submit to a physical or mental examination, or has failed to comply with a discovery order made pursuant to Sec. 230A, or has failed to comply with the provisions of Sec. 232, or has failed to appear and testify at a deposition duly noticed pursuant to this chapter, or has failed otherwise substantially to comply with any other discovery order made pursuant to Secs. 222, 226, and 229, the court may, on motion, make such order as the ends of justice require.

"Such orders may include the following:

"(a) The entry of a nonsuit or default against the party failing to comply;

on the issue of damages and the jury returned a verdict in the amount of $191,926.53 for the plaintiff.

On appeal, the defendant contends that the trial court (1) erred in applying Practice Book § 220 (D), and (2) abused its discretion in precluding the defendant from calling Robinson to testify as an expert witness.

We must first address the threshold question of whether the trial court erred in applying Practice Book § 220 (D). Section 220 (D) became effective eight months after the case was claimed to the trial list. The defendant asserts that, although procedural amendments to the Practice Book apply to pending cases, an amendment should not apply if considerations of "good sense and justice dictate that it not be so applied." The defendant asserts that the trial court's application of § 220 (D) infringed upon her ability to defend the claim against her.

It is generally presumed that legislation is intended to operate prospectively "[e]xcept as to amending statutes that are procedural in their impact . . . ." *Enfield Federal Savings & Loan Assn.* v. *Bissell,* 184 Conn. 569, 571, 440 A.2d 220 (1981); *Darak* v. *Darak,* 210 Conn. 462, 467, 556 A.2d 145 (1989). Procedural statutes and rules of practice ordinarily apply "retroactively to all actions whether pending or not at the time the statute

"(b) The award to the discovering party of the costs of the motion, including₂a reasonable attorney's fee;

"(c) The entry of an order that the matters regarding which the discovery was sought or other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(d) The entry of an order prohibiting the party who has failed to comply from introducing designated matters in evidence;

"(e) If the party failing to comply is the plaintiff, the entry of a judgment of dismissal.

"The failure to comply as described in this section may not be excused on the ground that the discovery is objectionable unless written objection as authorized by Secs. 222, 226, and 229 has been filed."

[or rule] became effective, in the absence of any expressed intent to the contrary." *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 196, 286 A.2d 308 (1971); *Champagne* v. *Raybestos-Manhattan, Inc.,* 212 Conn. 509, 525, 562 A.2d 1100 (1989); *Darak* v. *Darak,* supra; *Camputaro* v. *Stuart Hartford Corporation,* 180 Conn. 545, 556–57, 429 A.2d 796 (1980). We have noted, however, that a procedural statute will not be applied " ' "retroactively if considerations of good sense and justice dictate that it not be so applied.". . . *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 96, 249 A.2d 58 [1968].' (Citations omitted.) *American Masons' Supply Co.* v. *F. W. Brown Co.,* [174 Conn. 219, 223, 384 A.2d 378 (1978)]." *State* v. *Lizotte,* 200 Conn. 734, 741, 517 A.2d 610 (1986); *State* v. *Paradise,* 189 Conn. 346, 350, 456 A.2d 305 (1983). Rules of statutory construction pertaining to the application of statutory enactments and amendments apply with equal force to Practice Book rules. See *Grievance Committee* v. *Trantolo,* 192 Conn. 15, 22, 470 A.2d 228 (1984); *Camputaro* v. *Stuart Hartford Corporation,* supra.

Section 220 was enacted in 1978 following the repeal of General Statutes § 52-159 (a) in 1976 which had provided that a plaintiff could not be compelled to disclose the names and reports of his expert witness. 1 W. Moller, Connecticut Practice § 220 (D). Paragraph (D) was added eight years later over "vociferous" bar opposition and became effective October 1, 1986. Id. Paragraph (D) is a procedural rule that sets out a time limitation for each party in a civil action to disclose the name of an expert witness he intends to use, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. A plaintiff must disclose this information within sixty days from the date the case is claimed to a trial list and a defendant must do so

within 120 days from such date. If a party fails to disclose the name of any expert expected to testify at trial, "such expert shall not testify except in the discretion of the court for good cause shown." Practice Book § 220 (D).

Since the case was claimed to a trial list on February 4, 1986, eight months prior to the effective date of the rule, the defendant could not have satisfied the time constraints in § 220 (D). The defendant does not, however, offer any reason why she did not comply with the rule within the two years and nine months that elapsed between October 1, 1986, the effective date of the rule, and June 29, 1989, when the defendant's counsel during jury selection first announced his intent to call Robinson as a witness. Although the defendant's counsel has characterized in his brief his failure to disclose as an "inadvertent omission," the defendant's counsel, during oral argument before this court, stated that it was a policy of his firm not to disclose independent medical examinations and it was a practice he had seen with other firms. Such an admission is equivalent to a wilful disregard of the rules of practice. If a party to an action chooses to disregard the rules of practice any claimed "injustice" that has occurred through the imposition of a sanction is the result of the party's own failure to act.

Furthermore, the defendant was not prejudiced by the trial court's retroactive application of Practice Book § 220 (D). Section 220 (D) provides a sanction similar to that provided in Practice Book § 231, which has been in effect since 1931. Section 231 provides in part that "[i]f any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead . . . or has failed to comply with the provisions of Sec. 232 . . . the court may, on motion . . . [enter] an order prohibiting the party who has failed to comply from

introducing designated matters in evidence." In the plaintiff's motion in limine she argued that the defendant should be precluded from calling Robinson as an expert witness on the basis of §§ 220 (D) and 231. In particular, the plaintiff argued under § 231 that the defendant's disclosure, i.e., "[n]o expert contemplated at this time," was misleading and unfair. Although the trial court entered its order precluding the defendant from calling Robinson as an expert witness under § 220 (D), it could have imposed a similiar sanction under § 231.

The trial court was undoubtedly persuaded by "some indicia present of a misleading character to the disclosures that were filed" in response to the plaintiff's interrogatories. The trial court found that it "appear[s] that the plaintiff [was] . . . lulled into thinking that the defendant had not intended to use" Robinson as an expert. Prior to entering its order the trial court further found that "given the statement that there was 'no expert contemplated' rather than that 'this would be determined at some other time' . . . it is appropriate to apply . . . section 220." The trial court was also authorized by § 231 to preclude the defendant from calling Robinson as an expert witness for failure to answer the interrogatories fairly or for answering the interrogatories in a manner calculated to mislead. See *Perez* v. *Mount Sinai Hospital,* 7 Conn. App. 514, 509 A.2d 552 (1986); *Sturdivant* v. *Yale-New Haven Hospital,* 2 Conn. App. 103, 476 A.2d 1074 (1984).

In addition, although the trial court did not explicitly mention Practice Book § 232,[4] which was adopted in

---

[4] Practice Book § 232 provides: "If, subsequent to compliance with any request or order for discovery and prior to or during trial, a party discovers additional or new material or information previously requested and ordered subject to discovery or inspection or discovers that the prior compliance was totally or partially incorrect or, though correct when made, is no longer true and the circumstances are such that a failure to amend the compli-

1975 and was therefore effective at the time the plaintiff filed her action, it could have found that the defendant had failed to comply with the requirements of § 232 and, therefore, could have precluded the defendant's expert witness from testifying by imposing the sanction available under § 231.[5] Section 232 required the defendant to supplement and correct her answer to the plaintiff's interrogatories, in particular, interrogatory Nos. 2, 2 (a), 2 (b) and 2 (c), pertaining to the name, subject matter and substance of any opinion of any expert that the defendant expected to call at trial. This rule plainly applied to her answer to those interrogatories, "[n]o expert contemplated at this time." The defendant's failure to correct and supplement her answers to the plaintiff's interrogatories authorized the trial court to impose any of the sanctions provided in § 231, which include "an order prohibiting the party who has failed to comply from introducing designated matters in evidence." The defendant was not prejudiced, therefore, by the trial court's reliance on § 220 (D), even if it were not intended to be applied retroactively, to preclude the defendant from calling Robinson to testify as an expert when a similar sanction was available to the trial court under rules in effect at the time the plaintiff brought her action.

The defendant has failed to offer any reasonable explanation for not complying with the disclosure requirements of Practice Book §§ 220 (D), 231 and 232. The trial court, therefore, was authorized to impose the

---

ance is in substance a knowing concealment, he shall promptly notify the other party, or his attorney, and file and serve in accordance with Sec. 120 a supplemental or corrected compliance."

[5] The trial court stated, inter alia, that the defendant's use of the phrase, "[n]o expert contemplated at this time," specifically the phrase, "at this time," did not relieve the defendant from the obligation to supplement her answers to the plaintiff's interrogatories.

sanctions prescribed by those rules, which include prohibiting the introduction of certain evidence.[6]

The defendant next contends that the trial court abused its discretion in using such a severe sanction as barring Robinson from testifying as an expert witness. The defendant asserts that the trial court could not reasonably have concluded that the plaintiff would have been prejudiced or that she had been misled by the defendant's failure to disclose Robinson as an expert witness because she was aware of the substance of his report and failed to depose him after she became aware that he was to be called as an expert witness during the two weeks that elapsed between jury selection and the commencement of testimony. She contends that the plaintiff was adequately prepared to cross-examine Robinson on the matters covered in his report.

"A trial court's decision on whether to impose the sanction of excluding the testimony of a party's expert witness rests within the court's sound discretion." *Pool v. Bell,* 209 Conn. 536, 541, 551 A.2d 1254 (1989); *Rullo*

---

[6] The defendant argued at the hearing on the motion in limine and at oral argument before this court that Practice Book § 220 (D) is inapplicable to this case because the rule refers to disclosure of an "expert" witness and Robinson is not the type of "expert" witness the rule intended parties to an action to disclose. During oral argument before this court, the defendant referred to *Welhelm v. Czuczka,* 19 Conn. App. 36, 561 A.2d 146 (1989), *Voight v. Selman,* 14 Conn. App. 198, 540 A.2d 104 (1988), and *Cronin v. Blaisdell,* 12 Conn. App. 632, 533 A.2d 884 (1987), for the proposition that treating physicians are not the type of "expert" contemplated under § 220 (D) and, because an independent examining physician's testimony is similar to a "treating physician's" testimony, he should similarly not be considered an "expert" under the rule. Thus, he contends, because Robinson is an independent medical examiner, he was not required to disclose his intent to call him as an expert witness under § 220 (D). A careful review of those cases cited by the defendant clearly indicates that they do not support the defendant's argument. See *Perez v. Mount Sinai Hospital,* 7 Conn. App. 514, 518, 509 A.2d 552 (1986). Because we conclude that this issue lacks merit and neither party has briefed the issue on appeal, we need not address it further.

v. *General Motors Corporation,* 208 Conn. 74, 78, 543 A.2d 279 (1988); *Filisko* v. *Bridgeport Hydraulic Co.,* 176 Conn. 33, 39–40, 404 A.2d 889 (1978). In reviewing a claim that the court has abused this discretion, " 'great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness . . . . ' " *Rokus* v. *Bridgeport,* 191 Conn. 62, 72, 463 A.2d 252 (1983); *Pool* v. *Bell,* supra; *Rullo* v. *General Motors Corporation,* supra, 74–75. The determinative question for an appellate court is not whether it would have imposed a similar sanction but whether the trial court could reasonably conclude as it did given the facts presented. "Never will the case on appeal look as it does to a [trial court] . . . faced with the need to impose reasonable bounds and order on discovery." *Hull* v. *Eaton Corporation,* 825 F.2d 448, 452 (D.C. Cir. 1987).

The trial court did find, contrary to the defendant's contentions, that the plaintiff was prejudiced by the late disclosure in that she was "lulled into thinking that the defendant had not intended to use" Robinson as an expert witness. The court did not rely primarily upon prejudice, however, but upon its express finding of a "misleading character to the disclosures" made by the defendant. The court's implicit conclusion that the failure to disclose was not inadvertent but deliberate was confirmed by the statement of the defendant's counsel, mentioned previously, that it had been his firm's policy not to disclose "independent medical examinations." It is also supported by the absence of any claim during argument of the motion in limine that the failure to respond fully concerning the defendant's intention to use an expert witness had been inadvertent. Under these circumstances, we conclude that the trial court could reasonably have concluded that the defendant intentionally failed to disclose Robinson as an

expert witness and, therefore, did not abuse its discretion by imposing the sanction of precluding him from testifying.[7]

Trial court "judges face great difficulties in controlling discovery procedures which all too often are abused by one side or the other" and this court should "support the trial judges' reasonable use of sanctions to control discovery." *Hull* v. *Eaton Corporation,* supra, 452. The United States Supreme Court has noted that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the [trial] court . . . to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League* v. *Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747, reh. denied, 429 U.S. 874, 97 S. Ct. 196, 50 L. Ed. 2d 158 (1976); *Pavlinko* v. *Yale-New Haven Hospital,* 192 Conn. 138, 145, 470 A.2d 246 (1984). The sanctions provided in our rules of practice are there for several reasons, including deterrence of those who intentionally flout them.

The judgment is affirmed.

In this opinion the other justices concurred.

---

[7] The defendant further contends that the plaintiff was not prejudiced or surprised by the defendant's late disclosure of Robinson as an expert witness because the plaintiff herself disclosed in her answers to the defendant's interrogatories that she intended to call Robinson as an expert witness and, therefore, the trial court abused its discretion in precluding Robinson from testifying. In the plaintiff's supplemental answers to the defendant's interrogatories filed April 9, 1987, she stated: "The plaintiff expects to call as expert witnesses all her medical doctors whose bills and reports are included and any medical doctors employed by the defense, depending upon their availability at the time of trial." The plaintiff's disclosure was required under Practice Book § 220 (D) if the plaintiff intended to call any of the expert witnesses employed by the defendant. The plaintiff's disclosure does not relieve the defendant from complying with § 220 (D). Section 220 (D) requires *both* parties in an action to disclose the name of any expert witness they expect to call at trial. The defendant cannot rely on the plaintiff's proper disclosure for her failure to comply with § 220 (D).