[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Scott Case, filed a complaint on December 3, CT Page 8808 1990 alleging in twelve counts that the defendant, the Upjohn Company, negligently failed to maintain its premises on which plaintiff was working, thereby resulting in plaintiff's exposure to toxic fumes. Specifically, the plaintiff alleges that a pipe at defendant's facility ruptured, releasing said fumes into an area in which the plaintiff was walking. Plaintiff further alleges that the pipe burst because it was overpressurized. Immediately after the exposure, the plaintiff was treated for breathing problems, a burning sensation in his nose and throat, chest pains and dizziness. Approximately one week after exposure, the plaintiff was treated for a full body rash which the plaintiff alleges was the result of his exposure to the fumes. Based on these facts, the plaintiff has filed a suit claiming damages for physical injuries, loss of wages, medical expenses, and pain and suffering.
The defendant filed an answer to plaintiff's complaint on February 15, 1991 denying the elements of the plaintiff's negligence claim and offering an affirmative defense. The defendant's affirmative defense asserts that the plaintiff failed to intervene in a separate suit brought by the plaintiff's employer against the defendant arising from the same accident and thus forfeited his right to recover pursuant to General Statutes31-293. On February 19, 1991, the plaintiff filed an answer to the defendant's affirmative defense denying the same. This action closed the pleadings between the parties, making the motion for summary judgment appropriate pursuant to Practice Book 379. All filings were timely.
On July 6, 1992, the defendant moved for summary judgment on three grounds relating to the elements necessary to establish the cause of action for negligence as stated in the plaintiff's complaint. First, the defendant argues that the plaintiff cannot demonstrate that the defendant's acts were the medical cause of the plaintiff's injuries. Second defendant argues that the plaintiff has not alleged facts showing that the defendant breached a duty owed to the plaintiff. Third, the defendant argues that the plaintiff has not alleged facts shown that the defendant was the proximate cause of the plaintiff's injuries. A memorandum of law, the plaintiff's sworn testimony in deposition, and reports of the plaintiff's treating physician were submitted in support of the motion for summary judgment. On July 24, 1992, the plaintiff filed a memorandum of law and the following documents in opposition to the defendant's motion: CT Page 8809
1) the plaintiff's affidavit;
2) a letter dated December 7, 1988 to the State of Connecticut Department of Environmental Protection from L.K. Secor, an environmental engineer for the Upjohn Company, describing the cause of the accident, the chemicals released and the resulting exposure of the plaintiff;
3) a newspaper article describing the accident;
4) an emergency service visit record from Yale-New Haven Hospital describing the treatment the plaintiff received after exposure to the toxic fumes.
Various other documents describing the chemicals released in the accident were also submitted.
Summary judgment may be used to challenge the legal sufficiency of the complaint. Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971). A trial court may appropriately render summary judgment if the pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Practice Book 384; Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 594 A.2d 952 (1991). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). To oppose a motion for summary judgment successfully, the non-movant must recite specific facts in accordance with Practice Book 380 and 381 which contradict those stated in the movant's affidavits and documents. State v. Goggin, 208 Conn. 606,616-17, 546 A.2d 250 (1978).
The defendant argues first that the issue of medical causation cannot be left to lay opinion, but rather must be established by expert testimony. Second, the defendant argues that because the plaintiff failed to disclose the identity of any expert witness within sixty days of claiming the case to the jury list as required by Practice Book 220, the defendant will be precluded from presenting expert testimony at trial. It follows, according to the defendant, that because the plaintiff will be unable to present expert testimony on the issue of causation, an CT Page 8810 essential element of his claim and an issue that can only be proven by expert testimony, the factual issue of causation must be resolved in the defendant's favor.
Neither prong of this argument is supported by case law and thus the argument must fail. While failure to timely disclose expert witnesses does, under Practice Book 220, allow the exclusion of such expert testimony, "the court's decision on whether to impose the sanction of excluding the expert's testimony concerning causation rests within the sound discretion of the court." Sturdivant v. Yale-New Haven Hospital, 2 Conn. App. 103,107, 476 A.2d 1074 (1984). While the standards for the court's discretion on this issue are not clearly defined, the sanction of preclusion has been compared to the sanctions for failing to comply with requests for interrogatories. See Mulrooney v. Wambolt, 215 Conn. 211, 218, 575 A.2d 996 (1990). In the case of interrogatories, failure to comply with such requests is subject to sanction when the action was calculated to mislead or would result in unfair surprise. Id., 219. Therefore, the defendant has not met its burden of proving that the plaintiff will not be able to call an expert witness.
Assuming arguendo that the court does exclude the expert testimony, the plaintiff may still be able to prove medical causation based on lay testimony. "Although useful, expert testimony is not always mandatory if the medical condition is obvious or common in everyday life." Asipazu v. Orgera, 205 Conn. 623,631, 525 A.2d 338 (1987). This is especially true if one is testifying about one's own physical condition. Id. Expert testimony may also not be necessary to establish causation if the plaintiff's evidence creates a probability so strong that a jury can form a reasonable belief without the aid of any expert opinion. Id.
In the instant case, the plaintiff has submitted appropriate evidence describing the physical injuries he suffered and the circumstances surrounding those injuries. In his complaint, the plaintiff alleges that while working at the defendant's plant, he was exposed to toxic fumes. Immediately after exposure to the toxic fumes, the plaintiff alleges that he experienced tremendous difficulty breathing, a burning sensation in his nose and throat, chest pains and dizziness. The plaintiff also submitted evidence with his memorandum of law in opposition to the defendant's motion for summary judgment showing that the defendant acknowledged the plaintiff's exposure to toxic chemicals and that CT Page 8811 the plaintiff was treated for injuries immediately following the exposure. The proximity of the injuries and the accident could provide sufficient facts for a jury to form a reasonable belief as to causation without the aid of an expert opinion. Therefore, the defendant has failed to demonstrate the absence of a genuine dispute of material fact as to the issue of medical causation.
The defendant also argues that the plaintiff has failed to plead any negligent act on the defendant's part. To the contrary, the plaintiff alleges in his complaint that the defendant was negligent in its maintenance and operation of the pipe which burst and released the chemicals to which the plaintiff was exposed. The plaintiff has also submitted a copy of a letter that the defendant sent to the State of Connecticut Department of Environmental Protection stating that the release of toxic fumes to which the plaintiff was exposed was the result of an overpressurized pipe. The plaintiff has alleged sufficient facts to state a claim that the defendant was negligent and that a genuine dispute exists as to the issue of breach of duty so that summary judgment is not appropriate. The plaintiff has demonstrated the existence of "precisely the type of factual conflict that the Anglo-American jurisprudence has entrusted to the jury." Balboni v. Stonick, 2 Conn. App. 523, 529,481 A.2d 82 (1984).
"The issue of proximate cause presents a question of fact for the trier unless no causal relation between the negligence of a defendant and a plaintiff's injuries can reasonably be found." Miranti v. Brookside Shopping Center, Inc., 159 Conn. 24, 27-28,266 A.2d 370 (1969). Conclusions of proximate cause become conclusions of law "only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier of fact." Trzcinski v. Richey, 190 Conn. 285, 295,460 A.2d 1269 (1983).
The defendant argues that because the facts alleged do not show that the defendant's conduct was the proximate cause of the plaintiff's injuries, the cause of action must fail and summary-judgment is appropriate.
Notwithstanding, the plaintiff's allegations sufficiently state a claim for negligence, including proximate causation. The plaintiff has submitted with his memorandum of law evidence indicating that he was exposed to the toxic fumes which were CT Page 8812 released when a pipe on the defendant's premises burst as a result of overpressurization. Immediately after the plaintiff's exposure, he was treated for several injuries including breathing difficulty, a burning sensation in his nose and throat, chest pains, and dizziness. The defendant has not met its burden of proving that no material issue of fact exists as to whether defendant's actions were the proximate cause of the plaintiff's injuries. Therefore, this is the type of issue of fact which is not amenable to summary judgment.
The defendant's motion for summary judgment on the plaintiff's claim of negligence is denied because the defendant has failed to demonstrate the absence of material issues of fact as to the medical and proximate causes of the plaintiff's injuries and as to the defendant's alleged negligent act.
HOWARD F. ZOARSKI, JUDGE