[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about May 2, 1990, Professional Painting Co. leased a scissor lift from the defendant Yankee Equipment Corp. for the use of its employees or agents at Vinal Technical School, Middletown, Connecticut. The plaintiff Daniel Delbuono asserts in his complaint that he was injured while operating the scissor lift and that such injury was caused by the defendant Yankee Equipment in that the defendant was negligent in the manufacture, design, maintenance and repair of the scissor lift. Based upon this allegedly defective scissor lift, the plaintiff's complaint asserts a claim sounding solely in products liability, General Statutes 52-572m.
Pursuant to Connecticut Practice Book 151, et. seq., the defendant Yankee Equipment moves to strike the complaint of the intervening plaintiff, Professional Painting, Inc., on the ground that intervention is precluded in this action because the plaintiff's complaint is based solely on the Products Liability Act.
A "product liability claim includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warning, instructions, marketing, packaging or labeling of any product." Rodia v. Tesco Corp., 11 Conn. App. 391, 393 (1987). A product CT Page 3648 liability claim shall include a theory based on negligence. Id. at 393; Conn. Gen. Stat. 52-572m(b). An allegation that a lessor negligently failed to repair or maintain its product prior to leasing it is a product liability claim. Rodia, 11 Conn. App. at 395; Conn. Gen. Stat. 52-572m(b). In order for the Product Liability Act to fulfill its purpose, it is necessary that the statute be read to reach all conduct which affects the safety of a product prior to its entry into the stream of commerce. Rodia, 11 Conn. App. at 396. In view of the foregoing, the injuries to the plaintiff are properly within the Product Liability Act.
"Neither an employer nor . . . the insurer of such employer, shall have any lien upon any judgment received in any products liability claim, or any right of subrogation if the claim against the third party is a product liability claim." Id. at 393, quoting Conn. Gen. Stat. 52-572r(c) (emphasis added). Therefore, 52-572r(c) precludes employers from intervening in an employee's product liability action, notwithstanding the fact that the employer has paid the employee's workers' compensation benefits. See Rodia, 11 Conn. App. 391.
Accordingly, the motion to strike the intervening complaint is granted.
JOHN J. LANGENBACH JUDGE, SUPERIOR COURT