[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ARTICULATION
On June 11, 1993, plaintiff filed a complaint sounding in products liability against the manufacturer, seller and distributor of an allegedly defective lawn mower. Plaintiff's injuries from the allegedly defective mower were sustained on June 14, 1990, during the course of his employment. Plaintiff's employer filed a notice of intervention as a party plaintiff in this action on July 16, 1993, to recover workers' compensation benefits paid to plaintiff as a result of plaintiff's injuries. Defendant filed an objection to employer's motion to intervene on August 8, 1993. Defendant's objection to intervention is grounded in General Statutes 52-572r(c).
General Statutes 31-293(a) specifically grants an employer who has paid workers' compensation benefits to an employee the right to join as a party plaintiff in the employee's actions against third party tortfeasors. Gurliacci v. Mayer, 218 Conn. 531,590 A.2d 914 (1991). "An employer's right to intervene is merely derivative and not independent of the employee's right to CT Page 11139 sue a nonemployer defendant." Mickel v. New England Coal Coke Co., 132 Conn. 671, 678, 47 A.2d 187 (1946).
General Statutes 52-572r(c) modifies an employer's right of intervention by prohibiting employer intervention when the plaintiff-employee's complaint sounds solely in product liability. Rodia v. Tesco Corporation, 11 Conn. App. 391, 394, 523 A.2d 914
(1987). This statute reads that "an employer shall [not] have any lien upon any judgment received in any product liability claim, or any right of subrogation if the claim against the third party is a products liability claim." General Statutes52-572r(c). While the intervening plaintiff is correct that the plain language of 52-572r(c) does not prohibit intervention, Connecticut courts have interpreted this statute as precluding an employer's right of intervention in an employee's product liability action, notwithstanding the fact that the employer has paid the employee's workers' compensation benefits. Delbuono v. Yankee Equipment Corporation, 8 CSCR 519 (April 7, 1993, Langenbach, J.), citing Rodia v. Tesco Corporation, supra.
Public Act 93-229 Section 34 repeals General Statutes52-572r, effective July 1, 1993. P.A. 93-229 34-35. This act and its legislative history are silent on whether the repeal is to be retroactively applied. "Connecticut has a strong policy disfavoring retrospective laws affecting substantive rights of the parties . . . ." Gibson v. Fullin, 172 Conn. 407, 412,374 A.2d 1061 (1977). "[A] statute affecting substantive rights is to be applied only prospectively unless the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." Turner v. Turner, 219 Conn. 703, 712,595 A.2d 297 (1991). "It is generally presumed that legislation is intended to operate prospectively `[e]xcept as to amending statutes that are procedural in their impact . . . .'" Mulrooney v. Wanbolt,215 Conn. 211, 216, 575 A.2d 996 (1990), quoting Enfield Federal Savings Loan Association v. Bissell, 184 Conn. 569, 571,440 A.2d 220 (1981).
"[T]he employer's right to intervene is a substantive right associated with its right of subrogation under the Workers' Compensation Act . . . . Thus the employer's right to intervene . . . cannot be retroactively barred by subsequent legislation." Boisseau v. Judson Computers, Inc., 2 CSCR 930 (August 12, 1987, Aronson, J.). Just as the statutory bar on employer intervention affects a substantive right, so to does the repeal of the bar. Thus, the repeal of the bar on employer intervention, as a statute CT Page 11140 affecting substantive rights, should not be applied retroactively. Instead, the repeal of the bar should be applied prospectively as of July 1, 1993.
The substantive rights of the parties are fixed at the time when the cause of action accrues. Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 521, 562 A.2d 1100 (1989). The plaintiff claims he was injured on June 14, 1990, and filed this action on June 11, 1993. The substantive rights of the parties were thus fixed no later than June 11, 1993, and the repeal of 52-572r
became effective July 1, 1993. The repeal of 52-572r affects substantive rights and cannot be applied retroactively. Therefore, pursuant to 52-572r(c) which was in effect at the time plaintiff's cause of action accrued, plaintiff's employer is prohibited from intervening in plaintiff's product liability action.
Pomerantz, Drayton Stabnick for intervening plaintiff.
Danaher, Tedford, Lagnese Neal for defendant.