[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Factual and Procedural History
On September 23, 1994, the plaintiff, Patriot General Insurance Company ["Patriot"], filed a complaint seeking declaratory relief against the defendant, Raymond P. Normandie, III. Pursuant to a written insurance policy issued by Patriot, the defendant sought basic reparation benefits ["BRB"] for medical treatment after an automobile accident occurring on November 18, 1992. CT Page 5354
On May 19, 1994, Patriot was notified that the defendant had received settlement funds from a claim against a third party, and that a sum was being held in escrow for repayment of the no-fault benefits. The defendant refused to reimburse Patriot for sums expended under the BRB provision of the policy. The defendant claimed that Public Act 23-297, effective January 1, 1994, repealed General Statutes § 38a-369, and therefore abolished Patriot's subrogation rights.
Patriot moved for summary judgment, arguing thatPublic Act 93-297 does not apply to accidents occurring on insurance contracts in force prior to the repeal, effective January 1, 1994. The defendant filed a memorandum in opposition to the motion for summary judgment and a cross-motion for summary judgment, arguing that the repeal of General Statutes § 38a-369 extinguished Patriot's right to recovery, and that General Statutes §§ 52-225b and 52-225c (the anti-subrogation rules) bar Patriot's recoupment of these benefits.
II. Discussion
General Statutes § 38a-369 stated "[e]xcept as provided in this section, an insurer does not have, and may not directly or indirectly contract for, any right of subrogation to the proceeds of any cause of action of a recipient of basic reparations benefits against any person or organization. . . ." That statute was repealed by Section 28 of Public Act 93-297.
Section 29 of Public Act 93-297 provides:
 This act shall take effect from its passage, except that sections 1 to 24, inclusive, and section 28 shall take effect January 1, 1994, and sections 1, 2 and 5 to 24, inclusive, shall be applicable to acts or omissions occurring on or after January 1, 1994.
"Connecticut has a strong policy disfavoring retrospective laws affecting substantive rights of the parties."Iacobellis v. Ransomes, Inc., 10 Conn. L. Rptr. 549, 9 CSCR 88
(1993) (Martin, J.); citing Gibson v. Fullin, 172 Conn. 407, 412,374 A.2d 1061 (1977). Generally, "a statute should not be applied retroactively to pending actions unless the legislature clearly expressed an intent that it should be so applied." McNally v.CT Page 5355Zoning Commission of Norwalk, 225 Conn. 1, 9 (1994). It is an accepted principle of statutory construction that a statute affecting substantive rights is to be applied only prospectively unless the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively."Turner v. Turner, 219 Conn. 703, 712, 595 A.2d 297 (1991). The repeal of a statute does not operate to affect vested rights.Massa v. Nastri, 125 Conn. 144, 147, 3 A.2d 839 (1939). See also, First Ecclesiastical Society of Suffield v. Loomis,42 Conn. 570, 574 (1875). Further, section 1-1(u) of the Connecticut General Statutes specifically states: "The passage or repeal of an act shall not affect any action then pending."
The defendant argues that "[i]f the legislature had meant to make the repeal applicable to only actions or incidents occurring after January 1, 1994, it could have included section 28 in the list of sections applicable to acts or omissions occurring after January 1, 1994." [Memorandum of Law in Opposition to Motion for Summary Judgment.] This may be true, but the fact remains that the statute's language is unclear. Some clarity may be found in reviewing the legislative history. Representative Lyons addressed the issue of the effective date of the Act when he responded to the following question: "For those of us who have a policy that renews after January 1, how is this going to affect us? Are any accidents we have after January 1 going to apply to this law, or our current policy until it renews?" Representative Lyons responded: "[T]he bill will take effect as you renew your policy, upon renewal of yourpolicy." (Emphasis added.) 36 H.R. Proc., Pt. 27, 1993 Sess., p. 9757. This exchange adds support to the plaintiff's interpretation of the section. Read in combination with the language of Section 29, it also indicates legislative intent that some changes would be effective for any accident after July 1, 1994, regardless of the policy, while some changes would be effective only upon renewal of the policy.
The substantive rights of the parties are fixed at the time the cause of action accrues. Champagne v. Raybestos-Manhattan,Inc., 212 Conn. 509, 520-21 (1989).
In the present case, the accident occurred on November 17, 1992. The policy was issued, the policy premiums were paid, and the BRB were paid prior to January 1, 1994. At that time, Patriot had a right to subrogation, and the fact that the third party settlement occurred after January 1, 1994 does not CT Page 5356 extinguish that right.
III. Conclusion
Accordingly, plaintiff's motion for summary judgment is granted, and the defendant's cross motion for summary judgment is denied.
SUSAN B. HANDY JUDGE, SUPERIOR COURT