[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
CT Page 7440
The plaintiff, a former administrator of a town school system has filed suit against the defendant, her exclusive bargaining agent. The complaint is based on a claim that the defendant failed to satisfy its duty of fair representation that was due the plaintiff. The conduct complained of occurred prior to October 1, 1993.
P.A. 93-246 amended § 10-153 (a) and § 10-153 (e) by imposing a Duty of Fair Representation or teachers' and administrators' bargaining representatives and requiring teachers and administrators to file breach of the Duty of Fair Representation Complaints with the State Board of Labor Relations. The public act became effective October 1, 1993.
Suit in this matter was filed in June of 1994; the return date is June 14, 1994. On January 26, 1995 the defendant filed a motion to dismiss claiming the court lacks subject matter jurisdiction since the plaintiff failed to exhaust her administrative remedies. She did not file a claim of a breach of a duty of fair representation with the State Board of Labor Relations which the defendant argues has exclusive jurisdiction over such claims pursuant to the above mentioned statutes.
The parties both have assumed the doctrine exhaustion of a administrative remedies would bar the present action if § 10-153 (a) and § 10-153 (e) as amended applied here. The defendant argues of course they certainly do and since the plaintiff didn't file any complaint with the State Board of Labor Relations this suit must be dismissed. The plaintiff argues that the effective date of the statutes was October 1, 1993 and since they brought about substantive changes in the law, the statutes should only have prospective effect,Mulrooney v. Wambolt, 215 Conn. 211, 216 (1990), Enfield Federal Savings Loan Association v. Bissell, 185 Conn. 569, 571
(1981). The conduct alleged predated October 1, 1993 so the suit should not be dismissed. Furthermore argues the plaintiff even if the statutory amendments are deemed procedural they shouldn't be applied retroactively "if considerations of good sense and justice dictate" they should not be so applied, see Mulrooney v. Wambolt
215 Conn. at page 217. Here the plaintiff notes over two years have elapsed since the cause of action arose, suit was filed in June 1994 and the defendant waited over six months to file the motion to dismiss. The latter argument would carry little weight if in fact the CT Page 7441 exhaustion doctrine applies and the statutory amendments were procedural. The plaintiff herself waited over six months before bringing suit. The good sense and justice concerns that would dictate that retroactive application not be given to a procedural statutory amendment involve more than the particular impact on an individual litigant but some factor that would make such application unfair to a whole class or type of litigant. The plaintiff hasn't indicated anything that would make this so as to these amendments to the statutes.
I [d]o have a problem, however, with the application of the exhaustion doctrine in this case and thus with the whole claim of lack of subject matter jurisdiction. In Atkins v. BridgeportHydraulic Co. 5 Conn. App. 643 (1985) the plaintiff brought an action in two counts for damages and reinstatement because of alleged wrongful discharge. The plaintiff claimed racial discrimination and the court noted that he had the right to seek administrative remedies for alleged discriminatory practices. The court relied on Sullivan v. Board of Police Commissioners,196 Conn. 208, 216-218 (1985) which held that the plaintiff was foreclosed from judicial relief because he didn't exhaust his appellate review procedures after initially complaining to the Human Rights Commission. In Sullivan the plaintiff sought to enjoin the board from enforcing the city's mandatory retirement age. Atkins
upheld the trial courts granting of summary judgment on the first count and also on the second count which claimed the firing violated public policy, Sheets v. Teddy's Frosted Foods Inc. 179 Conn. 471,475 (1980). As to this claim the court noted that a public policy cause of action should only be found to exist for wrongful discharge where there was no statutory redress. Since a person who is a victim of discrimination in our state has statutory remedies no such course of action should be recognized.
My problem is that a plaintiff in this plaintiff's position apparently had a right to sue her union for lack of fair representation prior to and independent of any of the 1993 amendments to the statutory scheme. The statutory amendments merely provided that a union member who felt he or she was receiving unfair representation couldn't go into Superior Court for injunctive relief. A complaint first had to be filed with the State Labor Board which in the appropriate case could take steps to protect the worker's rights. Nowhere in the statutory scheme of § 10-153 (a) and (e) and its sister statutes is there any provision providing monetary damages to the worker who didn't receive fair representation. How can this person's suit be thrown out of court on CT Page 7442 the basis of Sullivan. There the court said "this plaintiff had available to him administrative remedies that could have afforded him meaningful relief under the federal and state statutes that govern his claim of age discrimination," 196 Conn. at page 217. What meaningful relief could this plaintiff have gotten from the administrative agency as regards monetary damages — she had the right to pursue such an action prior to and independent of the statute and any amendments to it? This is not a suit to regain her job or to force the union to fight for her job; her claim is that she was forced to resign her job several months before the statutory amendments which might have given her a right to complain about her bargaining agents activity to the State Labor Board. An exhaustion doctrine may apply for example for failure to complain to the Labor Board after the effective date of the amendments allowing such a procedure if such a remedy could have afforded practical relief, Vacci v. Sipes, 386 U.S. 171, 184
(1967), Griesemer v. Retail Store Employees Union, 482 F. Sup. 312,317 (E.D. Pa, 1980). Such is not the case here considering the date of the resignation.
For the reasons stated I will deny the motion to dismiss. Because my reasons for doing so were not argued by the parties, if the defendant so desires I would be willing to grant a motion for reconsideration especially since this concerns a question of subject matter jurisdiction.
CT Page 7443