[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY No. 101)
Before the court is the defendant Town of Fairfield's Motion to Dismiss on the ground that the court lacks subject matter jurisdiction. The plaintiffs, Artie's Auto Body and Circle Collision, Inc., filed a two count complaint on April 29, 1999. The first count alleges that the defendant, the town of Fairfield, through its police department, breached its tow policy, which constitutes a contract, by failing to implement an equitable rotating Tow List, and by adopting a policy favoring Star Towing, a garage designated by the American Automobile Association, (AAA). The second count alleges the breach of an implied contract on the same basis. The plaintiffs seek an adjudication that Fairfield has breached its contract with the plaintiffs, preliminary and injunctive relief, and damages.
On May 27, 1999, the defendant filed a motion to dismiss, accompanied by a memorandum of law. The defendant moves on the ground that the court lacks subject matter jurisdiction, arguing that the plaintiffs are claiming declaratory relief, but that "interested persons" in the relief sought by the plaintiffs, namely Star Towing and AAA, have neither been named nor given proper notice of this case.
The plaintiffs filed an objection on June 11, 1999, arguing that dismissal of a case involving declaratory relief is not required where the notice requirement is not "instantly fulfilled," and that notice to interested parties is not required until a party "actually seeks the declaratory relief pleaded." The plaintiffs further observe that declaratory relief is only part of the requested relief, and that the complaint primarily seeks damages and injunctive relief. The plaintiffs also argue that the failure to give reasonable notice to all persons having CT Page 2426 an interest in the subject matter of a complaint seeking declaratory judgment relief is no longer a fatal defect depriving the court of subject matter jurisdiction, and that the court may require an appropriate order of notice.
As a preliminary matter, the court would direct that both parties refer to Practice Book § 17-55(4), the practice book section that previously contained the notice requirement for a declaratory judgment action. This section, however, was amended effective January 1, 2000. Subsection (4) was deleted from § 17-55 based upon new joinder and notice provisions that were added to § 17-56 (b) — (d). See Practice Book (1999 Rev.) § 17-55, Commentary. Section 17-56 (b) now provides that "[a]ll persons who have an interest in the subject matter of the requested declaratory judgment that is direct, immediate and adverse to the interest of one or more of the plaintiffs or defendants in the action shall be made parties to the action or shall be given reasonable notice thereof. . . . The party seeking the declaratory judgment shall append to its complaint . . . a certificate stating that all such interested persons have been joined as parties to the action or have been given reasonable notice thereof." Id. Subsection (c) continues: "[e]xcept as provided in Sections 10-39 and 10-44, no declaratory judgmentaction shall be defeated by the nonjoinder of Parties or thefailure to give notice to interested persons. The exclusiveremedy for nonjoinder or failure to give notice to interestedpersons is by motion to strike as provided in Sections 10-39 and10-44."[1] (Emphasis added). Practice Book (1999 Rev.) § 17-56 (c). Subsection (d) further provides, in part, that "[e]xcept as otherwise provided by law, no declaration shall be binding against any persons not joined as parties." Practice Book (1999 Rev.) § 17-56 (d).
"Procedural statutes and rules of practice ordinarily apply retroactively to all actions whether pending or not at the time the statute [or rule] became effective, in the absence of any expressed intent to the contrary." (Brackets in original; internal quotation marks omitted.) Mulrooney v. Wambolt,215 Conn. 211, 216-17, 575 A.2d 996 (1990). In the present case, the defendant has raised the notice issue by a motion to dismiss, rather than a motion to strike. However, the court may treat the motion to dismiss as a motion to strike, particularly as the plaintiffs fail to object on this basis. See Kavy v. New BritainBoard of Education, Superior Court, judicial district of New Britain, Docket No. 492921 (August 10, 1999, Graham, J.), citing CT Page 2427McCutcheon Burr Inc. v. Berman, 218 Conn. 512, 527,590 A.2d 438 (1991).
Declaratory judgment actions "secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties . . . and to make certain that the declaration will conclusively settle the whole controversy. . . . This rule is not merely a procedural regulation. It is in recognition and implementation of the basic principle that due process of law requires that the rights of no person shall be judicially determined without affording him or her a day in court and an opportunity to be heard." (Brackets omitted; citations omitted; internal quotation marks omitted.)Mannweiler v. LaFlamme, 232 Conn. 27, 33-34, 653 A.2d 168
(1995). Mannweiler v. LaFlamme was a declaratory judgment action involving real property, and the court concluded that "[t]he unnoticed lot owners within [the development] were classic `indispensable parties' because the resolution of the questions regarding the restrictive covenants and the alleged common scheme of development are relevant to all deeds within the development." (Emphasis in original.) Id., 33. The court emphasized that "[d]isposition of this case without the presence of all of the lot owners could lead to unacceptable results. For example, the question of whether a common scheme exists could be relitigated in multiple actions by persons not bound by the first declaration." Id., 34. Similarly, in the present case, disposing of the case without the presence of all entities included on Fairfield's Tow List could lead to the unacceptable outcome of relitigation of the breach of contract issues in multiple actions by towers not bound by the initial declaration.
This analysis applies with equal force to the plaintiffs' claims for injunctive relief. As the court in Mannweiler v.LaFlamme, supra, observed "[t]he plaintiffs' claims for injunctive and declaratory relief . . . are inexorably intertwined." Mannweiler v. LaFlamme, supra, 232 Conn. 35. "[T]o decide one claim is to decide the other, reaching the merits of the claim for injunctive relief — which in this case is essentially just the procedural method for enforcement of the declaratory judgment-through an artificial severance of the claim for declaratory relief would lead to the same multiplicity of litigation that would arise were we to address the declaratory judgment on its merits." Id., 36.
Accordingly, the defendant's Motion to Dismiss is denied. In CT Page 2428 addition, the court orders the plaintiffs to provide proper notice of the instant action to all entities on Fairfield's Tow List.
SKOLNICK, J.