PER CURIAM.
The appellee, plaintiff below, was a guest passenger in an automobile operated by the appellant Jon B. Rivera, which was involved in a collision with another automobile at an intersection. Seeking damages for personal injuries received therein, the appellee filed an action against the driver Rivera and his insurer, charging Rivera with gross negligence, and against the driver of the other vehicle. On motion of the plaintiff the court granted a summary judgment on liability against Rivera and his insurer, who then appealed.
From the evidence before the court at the hearing on the motion for summary judgment it appeared beyond issue that upon nearing the intersection the driver Rivera did not observe the controlling traffic light until just before entering the intersection, at which time he saw the light facing him was red; that he was unable to prevent his car from entering the intersection, where it collided with the other vehicle which had entered the intersection from his right, properly on a green light.
Appellants argue the court committed error by holding that Rivera was guilty of gross negligence as a matter of law. We affirm the judgment. The guest statute (§ 320.59 Fla.Stat., F.S.A.) had been repealed in February of 1972, by Chapter 72-1. By reason thereof the plaintiff’s action against the driver Rivera was maintainable on simple negligence. See Inger-son v. State Farm Mutual Automobile Ins. Co., Fla.App. 1973, 272 So.2d 862. The summary judgment was proper, as related to simple negligence of the driver Rivera.
Affirmed.