HELEN GIBSON *v.* ELLA FULLIN

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued December 7, 1976—decision released February 15, 1977

*Howard F. Zoarski,* for the appellant (defendant).

*T. Paul Tremont,* with whom, on the brief, was *Robert R. Sheldon,* for the appellee (plaintiff).

BARBER, J. The plaintiff brought this action which was made returnable to the Superior Court in Fairfield County. The original complaint alleged that the plaintiff suffered injuries and damages as a result of an intersection collision in the state of Florida involving a motor vehicle in which she was a passenger and which was being operated by the defendant at the time of the accident. The complaint further alleged that the injuries and damages were the result of the defendant's gross negligence. While the case was pending, the court granted the

plaintiff permission to amend her complaint so as to eliminate the allegation of gross negligence and allege instead that her injuries and damages were the result of the defendant's ordinary negligence. In addition to a denial of the allegation of negligence, the defendant in her answer interposed special defenses claiming that the cause of action alleged in the plaintiff's amended complaint (1) is governed by the Florida guest statute, and (2) is barred by the Statute of Limitations.

The case was tried to a jury, resulting in a plaintiff's verdict. The court denied a preliminary motion for a directed verdict and a subsequent motion to set aside the verdict and for judgment notwithstanding the verdict. The defendant has appealed from the judgment rendered, claiming that the court erred (1) in denying the defendant's motions in view of the plaintiff's failure to allege and prove the substantive elements of the Florida guest statute, and in view of the defendant's claim that the cause of action alleged in the plaintiff's amended complaint was barred by the Statute of Limitations, (2) in making certain rulings on the admissibility of evidence, and (3) in its charge to the jury.

In February, 1970, the plaintiff was invited to visit with the defendant and her husband for a week at their vacation home near Bradenton, Florida. On or about February 25, 1970, the plaintiff was a passenger in a motor vehicle being operated by the defendant in Bradenton, Florida, when the vehicle was involved in an intersection accident with another vehicle. At the time of the accident, the plaintiff and the defendant were returning from a shopping trip. After the accident,

both the plaintiff and the defendant returned to Connecticut where they maintain their domicil. The plaintiff instituted this action. The original complaint, which is dated January 4, 1971, alleges that the injuries sustained were the result of the gross negligence of the defendant. At the time of the accident, the state of Florida had a guest statute relating to the rights of a passenger against the operator of a motor vehicle. Fla. Stat. § 320.59.[1] On February 14, 1972, while this action was pending, the Florida guest statute was repealed. 1972 Fla. Laws, c. 72-1 § 1. The Florida courts, in accordance with their practice in such situations, have construed this repeal of the guest statute to be retrospective in application to pending cases. *Arick* v. *McTague*, 292 So. 2d 31, 32 (Fla. App.); *Carr* v. *Crosby Builders Supply Co.*, 283 So. 2d 60, 62 (Fla. App.); *Rivera* v. *Weinfeld*, 277 So. 2d 846, 847 (Fla. App.); *Ingerson* v. *State Farm Mutual Automobile Ins. Co.*, 272 So. 2d 862, 864 (Fla. App.). In the present case, the trial court refused the defendant's request to charge the jury that the provisions of the Florida guest statute relating to gross negligence, in effect at the time of the collision, were applicable. Instead, the case was submitted to the jury on the basis of ordinary negligence.

[1] "[Florida Statutes Sec.] 320.59 LIABILITY TO GUEST OR PASSENGER.—No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action was brought; provided, that the question or issue of negligence, gross negligence and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury. . . ."

When the rights and liabilities of parties to an action result from an occurrence involving a significant relationship in another state, the court in which the action is pending must determine whether its own law or the law of the other state shall be applied. We have held that in motor vehicle cases "[t]he creation and extent of liability are fixed by the law of the state in which the tort is committed." *Bissonnette* v. *Bissonnette,* 145 Conn. 733, 734, 142 A.2d 527; see *Murray* v. *Milford, Connecticut,* 380 F.2d 468, 470 (2d Cir.); *Menczer* v. *Menczer,* 160 Conn. 563, 280 A.2d 875; *Landers* v. *Landers,* 153 Conn. 303, 304, 216 A.2d 183; *Bohenek* v. *Niedzwiecki,* 142 Conn. 278, 283, 113 A.2d 509. In other words, the law of the state where the tort is committed governs the substantive elements of the cause of action and the law of the forum determines the remedy. *Rich* v. *Dixon,* 153 Conn. 52, 56, 212 A.2d 417; *Orr* v. *Ahern,* 107 Conn. 174, 176, 139 A. 691. This is generally the law of other jurisdictions although there has been some tendency recently to depart from this traditional rule of "lex loci delicti" in order to place more emphasis on ascertaining the state of "most significant relationship" or "center of gravity." Restatement (Second), 1 Conflict of Laws § 145, comment on subsection (2); 16 Am. Jur. 2d, Conflict of Laws, §§71–73; annot., 95 A.L.R.2d 12, 16 § 3; annot., 29 A.L.R.3d 603, 645 § 6 (f). Under this newer approach, the developing rule is still very much in a transitional stage, and the present case presents no compelling reason to abandon the traditional rule. See id., pp. 614, 635; *White* v. *King,* 244 Md. 348, 223 A.2d 763.

In determining the governing law, a forum applies its own conflict-of-law rules; and, when it is determined that the governing law is the statute

of another state, the choice includes not only the pertinent statute but also its construction by the highest tribunal of the jurisdiction of the statute. See *Dick* v. *Dick,* 167 Conn. 210, 223, 355 A.2d 110; *Breen* v. *Aetna Casualty & Surety Co.,* 153 Conn. 633, 639, 220 A.2d 254; *Cristilly* v. *Warner,* 87 Conn. 461, 463, 88 A. 711.

The repeal of the Florida guest statute by that state's legislature did not indicate whether it applied to pending cases or whether it was to be given retroactive effect. The defendant contends that the decisions of the Florida courts, construing the repeal as having retrospective application to pending cases, involved only procedure and not substance and, therefore, were not binding on the forum court. While we are not inclined to agree that a change in the standard of care to support a cause of action is other than substantive in nature, that does not necessarily decide the ultimate question, which is whether the forum should apply the law as it was at the date of the injury or at some subsequent time. See Restatement (Second), 1 Conflict of Laws § 2, comment c. It has long been recognized that courts are not bound to decide all issues of a case under the local laws of a single state. Id. § 145, comment on subsection (1), (d). In deciding this ultimate question, which does not frequently arise, we believe that the applicable law should not only be simple and easy to determine and apply, but should also lead to predictable and desirable results. Connecticut has a strong policy disfavoring retrospective laws affecting substantive rights of the parties, which "generally, if not universally, work injustice." *Menczer* v. *Menczer,* supra, 565; see *Little* v. *Ives,* 158 Conn. 452, 457, 262 A.2d 174; *Michaud* v. *Fitzryk,* 148 Conn. 447, 449, 171 A.2d

397; 73 Am. Jur. 2d, Statutes, § 385. In *Massa* v. *Nastri*, 125 Conn. 144, 3 A.2d 839, which involved the construction of a statute repealing our own guest statute, we held that when a statute is passed limiting a common-law right, repeal after a right of action has accrued will not affect its application. We said (p. 148): "To accord to the repeal . . . the effect of relegating the present parties to the common-law rule as it obtained before the passage of that statute and after its repeal would impose upon the defendants a liability to the plaintiff guest to which they were not subject at the time of the occurrence upon which the action is based, in that they would be liable for the consequences of ordinary negligence instead of only for heedlessness or reckless disregard of the rights of others, and would deprive them of an exemption, in that sense and to that extent, from liability. A legal exemption from or limitation upon liability stands on quite as high ground as a right of action. If the law at the time the right of action accrued is such that a plaintiff may claim it as a vested right, equally a defendant has an equivalent vested right to an exemption." Supported by this articulated policy so well stated in construing the repeal of our own guest statute, we are convinced that the applicable law should be limited to the substantive Florida law at the time of the motor vehicle accident.

Accordingly, the court erred in not granting the defendant's motion to set aside the verdict. Under all the circumstances, however, we cannot say that had the court set aside the verdict, it would have been an abuse of discretion for the trial court to have denied the motion for judgment notwithstanding the verdict and to have ordered a new trial. It follows that in this court we cannot order that judg-

ment be rendered for the defendant. *Fabrizio* v. *Youhas*, 148 Conn. 426, 429, 172 A.2d 69; *Robinson* v. *Southern New England Telephone Co.*, 140 Conn. 414, 420-21, 101 A.2d 491; Maltbie, Conn. App. Proc. § 208. In view of these conclusions, it is unnecessary to discuss the other claims of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.