**Nina DeFOURNEAUX, Administratrix of the Estate of Jerome F. DeFourneaux, Jr., Plaintiff–Appellant,**

v.

**STURM, RUGER & CO., INC., Defendant–Appellee.**

Civ. No. B 78–437.

United States District Court, D. Connecticut.

April 3, 1980.

M. Mitchell Morse, Jacobs, Jacobs, & Grudberg, New Haven, Conn., for plaintiff–appellant.

Stephen L. Sanetti, D. S. Maclay, Timothy G. Atwood, Marsh, Day & Calhoun, Bridgeport, Conn., for defendant–appellee.

## MEMORANDUM OF DECISION

ELLEN B. BURNS, District Judge.

This case involves a Connecticut defendant's allegedly negligent manufacture of a gun which accidentally discharged in Missouri and killed plaintiff's decedent, a twenty–seven–year old Missouri resident. Defendant has moved to dismiss the entire case on the basis that Missouri's one–year statute of limitation on wrongful death has passed.

Missouri's wrongful death statute, Vernon's Annot.Mo.Stat. § 537.080(2), is unusual. It provides that claims for wrongful death vest in the decedent's spouse and minor children for a period of one year from the date of death, if the decedent's parents survive him. After one year, the claim vests in the decedent's parents.

Plaintiff's counter the motion to dismiss with the contention that Connecticut law should apply to this case, and that the action would not be barred under Connecticut's two–year statute of limitation on wrongful death actions.

A federal court sitting in diversity applies the substantive law of the state where it sits, *Erie R. R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including its choice–of–law rules, *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The question, then, is whether a Connecticut court would

**4**

apply the law of Missouri to this case or whether it would allow its own law to govern.

In any conflicts of laws issue, the first step is to characterize the problem, and characterization is done according to the law of the forum. Clearly under Connecticut law, the wrongful death cause of action sounds in tort. After careful consideration of counsel's exceptionally helpful briefs and the cases cited therein, this court believes that a Connecticut court would apply Missouri law to this matter. In *Patch v. Stanley Works (Stanley Chemical Co. Div.)*, 448 F.2d 483, 491 (2d Cir. 1971), the Second Circuit stated, "For choice of law purposes under Connecticut law, a tort is committed not where the wrongful act or omission occurs, but where the injury is sustained." This court is, of course, bound by the decisions of the Second Circuit, and unless Connecticut law has changed since the *Patch* decision, *Patch* must control.

The most recent Connecticut case to discuss conflicts of laws analysis is *Gibson v. Fullin*, 172 Conn. 407, 374 A.2d 1061 (1977) where the court recognized that in other jurisdictions there has recently been some tendency to depart from the traditional "lex loci delicti" rule in favor of the "most significant relationship" or "center of gravity" approach. However, the court went on to observe that "[u]nder this newer approach, the developing rule is still very much in a transitional stage, and the present case presents no compelling reason to abandon the traditional rule." 172 Conn. at 411, 374 A.2d 1061. From this language, it appears that the Connecticut Supreme Court would require a compelling reason to adopt the significant contacts approach. This court does not believe a compelling reason exists in this case. Perhaps if neither party had any meaningful relationship with the state whose law would govern under the old rule, Connecticut would apply the new approach. But here, the decedent and the plaintiff are both Missouri residents, and it is not offensive to traditional notions of justice or to normal expectations to apply Missouri law to adjudicate a claim of wrongful death when the death of a Missouri resident occurs in Missouri.

Plaintiff has argued that to apply Missouri law (and thus bar the action) would be contrary to Connecticut's policy interest in regulating its firearms industry and the use of guns in general. A variation of this argument would be that this action has significant contacts with Connecticut based on Connecticut's interest in firearms regulation. Either approach might theoretically be used to support Connecticut's application of its own law. But Connecticut's interest in regulating the use and manufacture of firearms will not be frustrated by application of Missouri law. Under Missouri law, a cause of action exists to redress wrongs which result in death, and this cause of action presumably has the concomitant benefit of causing manufacturers of firearms to take steps to produce safe products. This court does not think that the fact that an action in Missouri can be instituted by the spouse and surviving child during only one year, as opposed to two in Connecticut, is such a substantial difference as to cause a Connecticut court to prefer Connecticut law. The existence of the cause of action itself provides the deterrent effect which Connecticut favors.

Furthermore, Connecticut has no particular interest in how Missouri residents are compensated for their losses. Whatever the policy reasons for Missouri's unusual statute, Connecticut has an interest only in seeing that the opportunity for redress exists–its absence would, of course, offend Connecticut's public policy and Connecticut might refuse to apply such a law. But any limit on the time within which an action may be initiated is based on considerations of fairness to potential litigants, certainty as to the potential for litigation, and prevention of stale claims, all of which are valid legislative concerns in every state. Decisions on these issues will rarely result in the enactment of a law which another state would find offensive, and this court cannot say Connecticut would be offended here.

The court concludes, then, that the substantive law of Missouri, the place of the injury, applies to this case. Plaintiff next argues that Connecticut law must be used to determine which laws are substantive, and under Connecticut law the wrongful death statute of limitation is procedural. Since the statute of limitation is procedural, the argument continues, Connecticut's two–year statute should apply. This approach is incorrect. Once the decision is made that the Missouri wrongful death statute applies, all substantive parts of it apply. Connecticut law is looked to to determine what is substantive and what is procedural. Under Connecticut law, the Missouri wrongful death statute of limitations, being part of a right of action which did not exist at common law, is a limitation of liability itself, and not just a limit on remedy. *American Masons Supply Company v. F. W. Brown Co.*, 174 Conn. 725, 384 A.2d 378 (1978). Also, the Missouri statute is carefully constructed to limit the action in such a way that a Connecticut court would hold that the limitation was "so interwoven with the statute creating the cause of action that forms the basis of the suit that it is one of the congeries of elements necessary to establish the right, [and] the Connecticut court would apply the foreign statute of limitations that would apply at the situs of the injury." *Mizell v. Welch*, 245 F.Supp. 143, 144 (D.Conn.1965), *citing Thomas Iron Co. v. Ensign Bickford*, 131 Conn. 665, 669, 42 A.2d 145 (1945).

Therefore, the court holds that Missouri's statute of limitation applies and that this action is time–barred under Missouri law, Vernon's Annot.Mo.Stat., § 537.080(2), in that the action was commenced more than one year after the date of death and at the time of the filing the cause of action no longer belonged to the plaintiff herein.

Plaintiff argues that even if the court finds as it has, the bar should apply only to Count One, the wrongful death count. The court does not agree. When the substantive law of a foreign jurisdiction controls a case, the forum court looks not just to the foreign statutes but also to how they have been construed by the courts of that state and how they would be construed if the matter being tried were tried in the foreign state. *Gibson v. Fullin*, 172 Conn. 407, 411, 374 A.2d 1061 (1977); *see generally Bernhardt v. Polygraphic Co. of America, Inc.*, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956).

The statute in question here reads:

*Whenever* the death of a person shall be caused by a wrongful act, neglect or default of another, ... the person who ... would have been liable if death had not ensued shall be liable to an action for damages, ... which damages may be sued for and recovered (1) by the spouse or minor children ..., or (2) ... if the spouse or minor children fail to sue within one year after such death, ... then by the father and mother ... [emphasis added].

Since no cause of action for wrongful death existed at common law, *Kausch v. Bishop*, 568 S.W.2d 532, 534–35 (Mo.1978), and since the Missouri Wrongful Death Act speaks in terms of "whenever ... death ... [is] caused by a wrongful act," this court is convinced that a Missouri court would not allow a tort cause of action for damages resulting from death to be brought by this plaintiff more than one year after the death, regardless of the tort theory employed. The probability that a Missouri court would reach this decision is enhanced by an examination of the Missouri court's discussion of a similarly worded statute in *State ex rel. Sisters of St. Mary v. Campbell*, 511 S.W.2d 141, 146–47 (Mo.Ct.App. 1974). There, the statute provided that "[a]ll actions against ... hospitals ... for damages for malpractice, error, or mistake shall be brought within two years from the date of the act of neglect complained of." Vernon's Mo.Stat.Ann. § 516.140. The Missouri court said that, in its opinion, the general assembly determined in the above statute that all actions against hospitals for damages allegedly due to the above enumerated causes must be brought within two years regardless of whether the action is denominated a "tort" or "breach of contract." 511 S.W.2d at 146.

**6**

Furthermore, in this instance plaintiff cannot escape the time bar contained in Section 537.080(2) by pleading in contract for another reason. Under Missouri law an action for wrongful death cannot be maintained upon a contract. *Id.* at 147.

Thus under Missouri substantive wrongful death law, all the causes of action contained in this complaint are time–barred and cannot be maintained. As this court understands the art of conflicts of laws analysis, that ends the inquiry.

The motion to dismiss is granted as to all counts.

So ordered.