Leisa **HABENICHT**, Plaintiff,

v.

**STURM, RUGER & CO., INC.**, Defendant.

**Civ. No. B–84–678 (TFGD).**

United States District Court, D. Connecticut.

Nov. 7, 1986.

William C. Longa, Beverly Stauffer Knapp, Zeldes Needles & Cooper, Bridgeport, Conn., for plaintiff.

D.S. Maclay, Suzanne E. Baldasare, Marsh Day & Calhoun, Bridgeport, Conn., for defendant.

## MEMORANDUM OF AFFIRMANCE

DALY, Chief Judge.

In the above-captioned case the defendant has moved for summary judgment, alleging that this products liability action, which arose in North Carolina, is time barred by that state's statute of repose. The motion was referred to Magistrate Eagan, who has proposed a thorough ruling.

After a careful *de novo* review, the Proposed Ruling of the Magistrate is hereby ADOPTED, APPROVED and RATIFIED. In so ruling, the Court DENIES defendants' request for oral argument. Familiarity with that ruling and the facts of this matter are assumed. With regard to some of the defendant's objections to that ruling, the Court makes the following observations. Primarily, the defendant objects to the Magistrate's classification of N.C.GEN. STAT. § 1–50(6), a "statute of repose," as procedural. Although the Supreme Court of North Carolina has characterized § 1–50(6) as substantive, *Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E.2d 415 (1982), it is not a finding by which a court in Connecticut would be bound. The defendant's reliance on *Gibson v. Fullin*, 172 Conn. 407, 411, 374 A.2d 1061 (1977), for the proposition that a Connecticut court would look to the construction given a foreign state's statute by that state's highest tribunal is misplaced. Rather, *Gibson* requires reference to the construction of a statute given by the foreign state's highest tribunal only after the Connecticut court finds, in the first instance under Connecticut law, whether that statute should even apply. *Id.* at 412, 374 A.2d 1061.

The Court does not dispute defendant's assertion that many courts have found statutes of repose to be substantive. Typical of these courts' analyses is that the statute of repose, as opposed to a statute of limitation, acquires a substantive character because it terminates the very cause of action itself (i.e., it bars "the right, not merely the remedy"). *Wayne v. TVA*, 730 F.2d 392, 400, 402 (5th Cir.1984) (construing Tennessee's statute of repose); *see also Davis v. Mills*, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067 (1904). The Court, like the Magistrate, is not persuaded that a court in Connecticut would adhere to the same reasoning. Connecticut courts have not recognized this distinction between the effect of a statute of repose and a statute of limitation. "Statutes of limitations are statutes of repose, and are such legislative enactments as prescribe the periods within which actions may be brought upon certain claims or within which certain rights may be enforced." *Daily v. New Britain Mach. Co.*, 200 Conn. 562, 582, 512 A.2d 893 (1986); *see e.g., Kennedy v. Johns-Manville Sales Corp.*, 135 Conn. 176, 179, 62 A.2d 771 (1948) ("The statute of limitations is a statute of repose ... [which] [a]t times may bar the assertion of a just claim."). The statute of limitations in Connecticut, held to be procedural, could itself have the same effect as § 1–50(6) by barring a cause of action before it accrued. CONN.GEN. STAT. § 52–577a; *See Brown v. Merrow Mach. Co.*, 411 F.Supp. 1162, 1165 n. 6 (D.Conn.1976) (quoting *Prokolkin v. General Motors Corp.*, 170 Conn. 289, 296, 365 A.2d 1180 (1976)).

Furthermore, the North Carolina statute simply is not an integral part of a statute that creates a liability previously unknown to that state's common law. *See, e.g., Kinlaw v. Long Mfg. Co.*, 298 N.C. 494, 259 S.E.2d 552 (1979). This being the case, no exception to *lex fori* is available to the defendant.

Defendant's motion for summary judgment is DENIED.

It is SO ORDERED.

## RECOMMENDED RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### May 19, 1986

F. OWEN EAGAN, United States Magistrate.

Plaintiff, a North Carolina resident, claims she was injured when a handgun designed, manufactured and sold by the defendant, fell from a bookshelf in the plaintiff's home to the floor and discharged a shot which wounded the plaintiff in the thigh. The defendant is a Delaware corporation, with its principle place of business in Connecticut. Plaintiff has brought a products liability action in federal district court in Connecticut based upon strict liability, breach of warranty and negligence.

The relevant facts are as follows. The handgun was manufactured by the defendant in Connecticut in May 1971. In the same month, it was sold to a wholesaler in North Carolina. On October 22, 1971, the gun was purchased in North Carolina by an individual who later sold it to the plaintiff's husband, on July 2, 1972. Plaintiff's injury occurred in her home in North Carolina on November 11, 1981. Suit was filed in Connecticut on October 22, 1984. The defendant has moved for summary judgment on the grounds that the applicable statute of limitations or "statute of repose" bars this action.

## DISCUSSION

The issue before this court is whether to apply the statute of limitations for products liability actions of North Carolina or Connecticut. The North Carolina statute, N.C.Gen.Stat. § 1–50(6), provides:

No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

If this statute applies, summary judgment would have to enter for the defendant, since any right of action the plaintiff had was extinguished before her injury occurred. The Connecticut statute, Conn. Gen.Stat. § 52–577a, provides:

(a) No product liability claim as defined in Section 52–572 shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to subsections (c) and (d), no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product.

\*    \*    \*    \*    \*    \*

(c) The ten-year limitation provided for in subsection (a) shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under chapter 568, provided the claimant can prove that the harm occurred during the useful safe life of the product ...

Under this statute, defendant's motion for summary judgment would be denied.

In this diversity action, the court must apply the conflicts of law rules of the forum state, Connecticut, to determine which state's substantive law applies to the case. *Klaxon v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 497, 61 S.Ct. 1020, 1022, 85 L.Ed. 1477 (1941); *Quadrini v. Sikorsky Aircraft*, 425 F.Supp. 81, 84–85 (D.Conn.1977), *aff'd on recon.* 505 F.Supp. 1049 (D.Conn.1981). Connecticut courts have traditionally applied the choice of laws doctrine of *lex loci delicti* in tort cases, applying the substantive law of the state where the injury occurred. However, in *Gibson v. Fullin*, 172 Conn. 407, 374 A.2d 1061 (1977), the Connecticut Supreme Court indicated it might adopt the "most significant relationship" test set out in the Restatement (Second) of Conflict of Laws § 145 (1971) upon compelling circumstanc-

es.[1] In *Halstead v. United States*, 535 F.Supp. 782 (D.Conn.1982), *aff'd sub nom. Saloomey v. Jeppesen & Co.*, 707 F.2d 671 (2d Cir.1983), United States District Judge Warren W. Eginton found that Connecticut courts would abandon *lex loci delicti* under the circumstances of that case, where there were no meaningful contacts with the state where the injury occurred, West Virginia, other than the fortuity that the accident, a plane crash, occurred there. *Id.* at 787–88.[2] However, the facts of *Halstead* do not closely resemble the facts in the case at bar, since here, there are meaningful contacts with North Carolina. Under these circumstances, the court finds that a Connecticut court would continue to follow the doctrine of *lex loci delicti* in this case. See *DeFourneaux v. Sturm, Ruger & Co., Inc.*, 503 F.Supp. 2, 4–5 (D.Conn.) *aff'd*, 639 F.2d 768 (2d Cir.1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). Therefore, the substantive law of North Carolina applies in this case.

Having determined that North Carolina substantive law applies, the court must next determine whether the statute of limitation for North Carolina products liability actions is substantive or procedural for conflict of laws purposes. Ordinarily, under Connecticut law statutes of limitations are considered procedural. However, there is a well-recognized exception to this rule. Where the right of action did not exist at common law and the time limitation is "so interwoven with the statute creating the cause of action that forms the basis of the suit that it is one of the congeries of elements necessary to establish the right, that limitation goes with the cause of action wherever brought." *Thomas Iron Co. v. Ensign-Bickford Co.*, 131 Conn. 665, 669, 42 A.2d 145 (1945). *See DeFourneaux v. Sturm, Ruger & Co., Inc.*, 503 F.Supp. at 5; *Brown v. Merrow Machine Co.*, 411 F.Supp. 1162, 1164 (D.Conn.1976). Where the right of action existed at common law, the statute of limitations is considered procedural. *See Thomas Iron Co.*, 131 Conn. at 669, 42 A.2d 145; *Brown v. Merrow Machine Co.*, 411 F.Supp. at 1164. In this case, a right of action for personal injuries arising from a defective product existed at common law in North Carolina. *See e.g., Kinlaw v. Long Manufacturing Co. of North Carolina, Inc.*, 298 N.C. 494, 259 S.E.2d 552 (1979); *Corprew v. Geigy Chemical Corp.*, 271 N.C. 485, 157 S.E.2d 98 (1967). Therefore, this case does not fall within the above noted exception.

Defendant has argued that a second exception to the general rule that statutes of limitations are procedural exists for "statutes of repose." Statutes of repose are limitations provisions which by their operation can extinguish liability before any cause of action accrues.[3] *See, generally,*

1. Section 145 of the Restatement (Second) of Conflict of Laws provides:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to issue include:

(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Comment b of § 145 suggests that the more important facts to be weighed in a tort action

are (1) relevant policies of the forum state (2) relevant policies of other interested states and the relative interest of those states in determining the particular issue and (3) ease in determination and application of the law to be applied.

2. Both the district court and the court of appeals discuss the unpredictability and potential unfairness of applying *lex loci delicti* in airplane crash cases since the site of the accident is fortuitous and often unconnected with other relevant factors such as residence and place of business. The fortuity of the site of the injury is far greater in·airplane crashes than in most other cases involving personal injuries. *See* 707 F.2d at 675–76, 535 F.Supp. at 787–88.

3. For example, a limitations provision such as N.C.Gen.Stat. § 1–50(6) under which the time runs not from the date of injury, but from some other event, like the date of sale of an item, may have the effect of extinguishing liability before any injury occurs. Thus, statutes of repose measure the time limitation independent of the date of the injury.

**56**

McGovern, *The Variety, Policy, and Constitutionality of Product Liability Statutes of Repose*, 30 Am.U.L.Rev. 579 (1981). Statutes of repose are often found to be substantive. *See, e.g., Wayne v. Tennessee Valley Authority*, 730 F.2d 392 (5th Cir. 1984), *cert. denied*, 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985) (Tennessee statute of repose held substantive); *Nieman v. Press & Equipment Sales Co.*, 588 F.Supp. 650 (S.D.Ohio 1984) (Colorado statute of repose held substantive); *Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E.2d 415 (1982) (N.C. Supreme Court holds N.C. statute of repose is substantive). However, in construing similar statutes of repose in *Bowman v. Sturm, Ruger & Co.*, Civil No. B–82–393 (D.Conn. February 2, 1983) (Oregon) and *Mikulis v. Olin Corp.*, Civil No. B–80–456 (D.Conn. March 28, 1983) (New Hampshire) two district court judges have held that a Connecticut court would find the statutes to be procedural.[4] In light of this authority, this court also finds that a Connecticut court would find the North Carolina statute to be procedural.

Since procedural questions are governed by the law of the forum state, Connecticut's statute of limitations must be applied. This provision, Conn.Gen.Stat. § 52–577a, provides that the action would not be time barred if the handgun in question was within its useful safe life at the time of the injury. Since this is a material question of fact, summary judgment is inappropriate. Accordingly, defendant's motion for summary judgment is *DENIED*.

---

**4.** The relevant inquiry is how a Connecticut court would construe the statute. *See Mikulis*, n. 1.