[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #134
CT Page 12031
This choice-of-law matter arises from a 1998 motor vehicle accident in Connecticut. Plaintiff, a New York domiciliary, was a passenger in a vehicle operated by his fellow employee, a defendant herein, both being in the course of their employment with defendant employer. Also named as a third defendant is the rental company owning the vehicle driven by the coworker defendant. (Plaintiff's wife also has filed against these defendants a consortium claim. The vehicle's occupants are employed by a New York company.
In line with defendants' special defense that New York law governs and bars this suit, defendants seek summary judgment.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Dowling v. Finley Assoc., Inc.,248 Conn. 364. 369, (1999).
The defendants argue that summary judgment should be granted in their favor because the court should apply New York law to the plaintiffs' cause of action and determine that it is barred by the exclusivity provision of N.Y. Work. Comp. Law § 29(6) (McKinney 1993).[1] The defendants further argue that the wife's cause of action is barred due to the fact that it is derivative of that of the cause of plaintiff passenger. In response, the plaintiffs argue that pursuant to the "most significant relationship" analysis of the Restatement (Second) as set forth in O'Connor v. O'Connor, 201 Conn. 632, 519 A.2d 13
(1986), the court should apply Connecticut law and deny the defendants' motion for summary judgment. CT Page 12032
As a threshold matter, the court must characterize the plaintiffs' cause of action applying Connecticut's choice of law rule. See Gibson v. Fullin, 172 Conn. 407, 411, 374 A.2d 1061
(1977) ("In determining the governing law, a forum applies its own conflict-of-laws rules . . ."). Although the present case appears to be a workers' compensation cause of action because the alleged injuries occurred during the employer-employee relationship, closer examination reveals that it should be characterized as a tort action. This is because under Connecticut law, the present case arises out of a recognized exception to the exclusivity provision of § 31-284 of the General Statutes.[2]
Specifically, the plaintiffs' cause of action falls under General Statutes § 31-293a. which provides in pertinent part: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1." Significantly, the state of New York does not provide this exception under its act. See footnote 1, supra.
Connecticut provides this exception because "[u]nlike the special hazards of the work place, the risk of a motor vehicle accident is a common danger to which the general public is exposed. Particular occupations may subject some employees to a greater degree of exposure to that risk. The nature of the risk remains unchanged, however, and in many employments it is no greater than for the general public. The legislature has chosen, therefore, not to extend the immunity given to fellow employees by § 31-293a to accidents having a less distinct relationship to the hazards of the employment. At the same time it has accorded the injured employee, in addition to workers' compensation, the same remedy he would have against a member of the general public who caused a motor vehicle accident." Dias v. Adams,189 Conn. 354, 359-60, 456 A.2d 309 (1983).
In accordance with this intent, the court will apply Connecticut's conflict of laws rule for tort actions. "This court has traditionally adhered to the doctrine that the substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury, or lex loci delicti, [which here, is Connecticut]. . . . Recently, however, we CT Page 12033 have recognized that there are circumstances in which strict application of the lex loci delicti rule frustrates the legitimate expectations of the parties and undermines an important policy of this state. In such circumstances, we have refused to apply the doctrine." (Citations omitted.) O'Connor v.O'Connor, supra, 201 Conn. 637. The court feels it should not apply the lex loci delicti doctrine here because the application of that rule would violate an important policy of the state of New York by negating the immunity afforded to employers under New York's workers' compensation laws. Accordingly, the court employs the Restatement (Second) approach outlined in O'Connor. Additionally, the court notes that the principles of § 184(b)(2) of the Restatement (Second), which specifically addresses choice of law in workers' compensation cases, are worthy of consideration here because that section provides sound reasoning for the court's analysis.
"Section 145 of the Restatement Second provides in subsection 1 that `[t]he rights and liabilities of the parties with respect to an issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.' Section 6 of the Restatement, in turn, provides: `A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law. (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protections of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability, and uniformity of result, and (g) ease in the determination and application of the law to be applied.'" O'Connor v. O'Connor, supra, 650-51.
In the present case, the needs of interstate systems favor the application of New York law because out-of-state employers should be able to rely upon the workers' compensation law of the state where the employment relationship is centered and insured. See 1 Restatement (Second), Conflict of Laws, Wrongs § 184(b)(4), p. 546 (1971); see also id., comment (b). In regard to the relevant policy of the forum. Connecticut has little, if any, interest in protecting workers who are injured here but are covered by compensation schemes in the state where their employment is centered. On the other hand, the relevant policies CT Page 12034 of New York in regard to this issue are significant. The legislature in New York has chosen to make its workers' compensation law the exclusive remedy for employees who are injured on the job, without an exception regarding co-worker tortfeasors.
Section 184 of the Restatement (Second) of Conflict of Laws specifically addresses workers' compensation in the context of choice of law: "Recovery for tort or wrongful death will not be permitted in any state if the defendant is declared immune from such liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance against the particular risk under which (a) the plaintiff has obtained an award for the injury, or (b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred, or (2) where employment is principally located, or (3) where the employer supervised the employee's activities from a place of business in the state, or (4) whose local law governs the contract of employment under the rules of §§ 187-188 and 196." Furthermore, comment (b) to § 184 supports that provision with the following rationale: "Suits for tort or wrongful death present different considerations. It is thought unfair that a person who is required to provide insurance against a risk under the workmen's compensation statute of one state which gives him immunity from liability for tort or wrongful death should not enjoy that immunity in a suit brought in other states. Also to deny a person the immunity granted him by a workmen's compensation statute of a given state would frustrate the efforts of that state to restrict the cost of industrial accidents and to afford a fair basis for predicting what the costs will be. All states are sympathetic with the policies underlying workmen's compensation, and all states grant certain persons immunity from liability for tort or wrongful death, although the provisions of the various states do differ in matters of detail. For all of these reasons, a state will not hold a person liable for tort or wrongful death under the circumstances stated in the present rule."
The New Jersey Supreme Court has provided further well reasoned rationale for the rule of § 184. That court stated: "The problem presented here where the compensation statutes of two states deal differently with the plaintiffs right to maintain a common law tort action is not simply one of classification of the substantive field involved. The classification of the plaintiffs claim as one involving `tort law' or `contract law' or `employment relations law,' with the consequence that the court CT Page 12035 need then only mechanically apply the respective choice of law rule, i.e., the law of the state where the employment contract was entered into, or if the state with the most significant contacts with the employment relation, does not in our opinion provide a satisfactory choice of law rule where the employee is not claiming compensation benefits but is instead seeking to maintain a common law tort action." Wilson v. Faull, 141 A.2d 768
(N.J. 1958).
"Workmen's compensation laws were designed to provide an expeditious and certain remedy for employees who sustain work injuries by the statutory imposition of absolute but limited and determinate liability upon the employer. . . . These laws generally provide that the compensation remedy is exclusive. The theory behind this exclusiveness is that the laws provide predictable compensation for any on the job injury. They represent a compromise that inures to the ultimate benefit of both employer and employee. The employee surrenders his right to seek damages in or action at law in return for swift recovery independent of proof of fault. The employer gives up common law defenses to negligence suits and assumes an absolute liability to provide compensation; in return he is granted immunity from common law negligence suits by his employees." (Citations omitted.) Id., 774.
"[W]here the injured employee seeks to maintain a common law tort action against his employer in one of two or more states having a legitimate interest in the work-injury, the forum has almost invariably applied the law of the state in which the employer has provided compensation insurance and whose law granted such employer immunity from common law negligence actions by the employee, and dismissed the suit . . . This choice of law has been made by the state of the forum, whether it was the state of the injury . . . or the state of contract . . . This almost universal recognition by the forum of the compensation law of a sister state which grants immunity to an employer who has provided compensation insurance for an employee, irrespective of the interest of the state of the forum, cannot be said to be the result of an inflexible or mechanical application by the forum of `tort,' `contract' or `employment relation' conflict of laws principles. Instead, the recognition of the law of a sister state in this situation reflects the basic philosophy underlying the adoption of workmen's compensation acts by the several states as the exclusive remedy for industrial accidents. The court inJonathan Woodner Co. v. Mather, [210 F.2d 868 (D.C. Cir. 1954), cert. denied, 348 U.S. 824 (1954)] stated its concept of the CT Page 12036 rationale underlying the forum's recognition of another state's compensation law where the employee sought common law damages and the defense interposed was that the law of another state in which the employer had provided compensation coverage barred such action as follows . . .: `The rationale underlying these cases, though not articulated, seems clear. The employer has incurred the burden of providing workmen's compensation insurance. The employee has foregone his right to sue the employer in negligence. But both have also gained. The employer has gained an immunity from common law suit. The employee has gained a right to relief even where his injury did not arise through the fault of his employer. The courts clearly consider that this system of mutual give and take would be upset if the employee could sue for negligence in another jurisdiction.'" (Citations omitted.) Id., 775-76.
Although the injury and the conduct causing it occurred in Connecticut; 1 Restatement (Second), supra, § 145(2)(a) and (b); that is an entirely fortuitous happening. See O'Connor v.O'Connor, supra, 201 Conn. 655-56. And although these factors appear to favor application of Connecticut law; see Williams v.State Farm Mutual Automobile Ins. Co., 229 Conn. 359, 372,641 A.2d 783 (1994) (stating factors (a) and (b) of § 145 of the Restatement (Second), "are the most significant in determining which state's tort law to apply"); the court notes that these contacts are not dispositive. See O'Connor v. O'Connor, supra,201 Conn. 652 (stating "we need to recall that it is the significance, and not the number, of § 145(2) contacts that determines the outcome of the choice of law inquiry under the Restatement approach").
Here, the plaintiffs and the defendants are domiciliaries of New York. See 1 Restatement (Second), supra, § 145(2)(c). Moreover, the relationship between the plaintiffs and the defendants is centered in New York. See Restatement, supra, § 145(2)(d). None of the parties to this lawsuit have any connection to Connecticut other than the fact that the accident occurred here and some of the parties conducted work in this state. Significantly, the only vehicle involved in the accident was owned by a New York corporation and was registered in New York. Thus, the court finds that New York law should be applied here.
It would be unfair, given all of the parties' contacts with New York, not to apply New York law to this case. See O'Connor v.O'Connor, supra, 201 Conn. 658. The court concludes that the application of Connecticut law would tend to undermine New York's CT Page 12037 workers' compensation system. See 1 Restatement (Second), supra, § 6(a), (b), and (c); see also 1 Restatement (Second), supra, § 184; Wilson v. Faull, supra, 141 A.2d 776. Moreover, the application of Connecticut law to this case would be contrary to the justified expectations provided by New York's workers' compensation law to both employees and employers in that state. See 1 Restatement (Second), supra, § 6(d), (e), and (f). Accordingly, because Connecticut's relationship to the parties in this case is less significant than New York's relationship, the court concludes that New York law is the appropriate law to apply to the present case.
"In determining the governing law, a forum applies its own conflict-of-law rules; and, when it is determined that the governing law is the statute of another state, the choice includes not only the pertinent statute but also its construction by the highest tribunal of the jurisdiction of the statute."Gibson v. Fullin, supra, 172 Conn. 411. N.Y. Work. Comp. Law § 29(6) (McKinney 1993) provides: "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ." This provision has been construed by the New York Court of Appeals to be the exclusive remedy of an injured worker. In Naso v. Lafata, 176 N.Y.S.2d 622, 152 N.E. 59 (1958), the New York Court of Appeals construed § 29(6) as an injured employee's exclusive remedy when that employee is injured in the course of his employment through the negligence or wrong of another in the same employ. Here, the plaintiff alleges that his injuries were sustained due to the negligence of the defendant driver while acting in the course of his employment for the defendant employer of both defendant and plaintiff. (See Complaint, Count I, ¶¶ 5 and 6.) Thus, the court concludes that there is no question of material fact and that the defendants Yang Shing Trading and Yang are entitled to judgment as a matter of law. Accordingly, the court grants the defendants' motion for summary judgment as to the driver and employee.
Similarly, the lessor of the vehicle is entitled to summary judgment. In Rauch v. Jones, 176 N.Y.S.2d 628, 631, 152 N.E.2d 63
(1958), the New York Court of Appeals held: "The unmistakable intention of the Legislature to make only one remedy available to an employee injured in the course of his employment by a fellow employee is manifested by the use of the emphatic language `exclusive remedy'. The statute, having deprived the injured employee of a right to maintain an action against a negligent CT Page 12038 coemployee, bars a derivative action which necessarily is dependent upon the same claim of negligence for which the exclusive remedy has been provided." Because the negligence action against the vehicle's lessor is derivative of the plaintiffs' negligence action against the defendant driver and the employer, the court concludes that the lessor is entitled to summary judgment as there is no genuine issue of material fact and is entitled to judgment as a matter of law.
The court also grants summary judgment as to Plaintiff's wife's cause of action for the loss of services of her husband. This action is barred by the exclusivity provision of N.Y. Work. Comp. Law § 11 (McKinney Supp. 1999). Section 11 provides in pertinent part: "The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, spouse, parents, dependents, distributees, or any person otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of such injury or death or liability arising therefrom, except that if an employer fails to secure the payment of compensation for his or her injured employees and their dependents as provided in section fifty of this chapter, an injured employee, or his or her legal representative in case of death results from the injury, may, at his or her option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury . . ." (Emphasis added.) In Swan v. F.W.Woolworth Co., 222 N.Y.S. 111 (1927), the Court of Appeals held that the plain and unambiguous language of that statute provides that a spouse may not recover for the lost services of his spouse where that spouse is injured in the course of employment and becomes entitled to compensation under the workmen's compensation law. Accordingly, this court finds that her cause of action is prohibited under New York law. Given that there are no material issues of fact and that the defendants are entitled to judgment as a matter of law, the court grants the defendants' motion for summary judgment as to Count II of the plaintiffs' complaint.
Based on the foregoing the court grants the defendants' motion for summary judgment in its entirety.
NADEAU, J.